IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RONNIE PARKER**                                                                    **PETITIONER**

**V.**                      **CIVIL ACTION NO. 3:23-CV-00068-MPM-JMV**

**MARC MCCLURE and**
**MISSISSIPPI ATTORNEY GENERAL**                        **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the *pro se* petition of Ronnie Parker for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as time-barred. The petitioner has failed to respond to the motion, and the matter is ripe for resolution. For the reasons set forth below, Respondents' motion will be granted, and the instant petition will be dismissed as untimely filed under 28 U.S.C. § 2244(d).

**Factual and Procedural Background**

Petitioner Ronnie Parker is currently in the custody of the Mississippi Department of Corrections and housed at the South Mississippi Correctional Institution located in Leakesville, Mississippi.[1] *See* Doc. # 14. On August 8, 2017, Parker entered a guilty plea on two counts: (1) Aggravated DUI (non-habitual offender), and (2) Aggravated DUI (as a Habitual Offender under Mississippi Code Annotated Section 99-19-81), in the Circuit Court of Benton County, Mississippi. Doc. # 15-1. On August 10, 2017, in accordance with the plea agreement, the trial court sentenced Parker to serve twenty-five (25) years on Count I and then ten (10) years on Count II, to run consecutive to the sentence imposed on Count I, with ten (10) years suspended and five (5) years of post-release supervision. Doc. # 15-2; *see also* Doc. # 15-1 p. 3.

---

[1] At the time Parker filed the instant petition, he was housed at the Mississippi State Penitentiary located in Parchman, Mississippi, but has since been transferred. *See* Doc. #s 1, 6.

More than three years later, on November 12, 2020, Parker, proceeding *pro se*, signed and submitted a "State Writ of Habeas Corpus M.C.A. § 11-43-1" which was stamped as "Filed" in the Benton County Circuit Court on November 23, 2020. Doc. # 16-1, pp. 60-73. In this filing, Parker argued that his sentence as a habitual offender was illegal and requested that he be resentenced as a non-habitual offender. *See id.* The trial court construed Parker's filing as a motion for post-conviction collateral relief ("PCR motion") under Mississippi Code Annotated Section 99-39-1, and on June 29, 2021, entered an order denying the motion and found, in pertinent part, as follows:

> After reviewing the documents filed by the Petitioner, including the transcript of the plea colloquy in the underlying criminal cause of BK2017-003, the Court finds it plainly appears from the face of the motion and prior proceedings that the Petitioner is not entitled to any relief. The Petitioner claims the sentence enhancement he received as a habitual offender is illegal because the State did not offer proof of his prior convictions. However, at his plea hearing, the Petitioner confessed the allegations of the prior convictions listed in the indictment of BK2017-003.

Doc. # 15-3.[2]

Parker filed a *pro se* Notice of Appeal on September 20, 2021.[3] Doc. # 16-2, p. 64. The Mississippi Court of Appeals issued an opinion on November 22, 2022, affirming the trial court's decision. Doc. # 15-4; *see also Parker v. State*, 351 So. 3d 971 (Miss. Ct. App. 2022). In its opinion, the Mississippi Court of Appeals held that Parker's PCR motion was untimely filed and further found that his "illegal sentence" arguments lacked merit and, consequently, failed to overcome the procedural bar. *Id.*; *see also Parker*, 351 So. 3d at 978. Parker did not seek rehearing or certiorari review following the Mississippi Court of Appeals' decision.

---

[2] In the interim, between filing the PCR motion and the trial court's ruling, Parker moved for a writ of mandamus in the state appellate court, requesting a ruling on his pending PCR motion. *See* Doc. # 16-1, pp. 77-80. The Mississippi Supreme Court denied Parker's mandamus petition by Order entered September 13, 2021, because, at that time, the trial court had entered its ruling on Parker's PCR motion. Doc. # 16-1, p. 112.
[3] Parker's appeal was untimely filed, but the state appellate court granted him leave to appeal out of time. *See* Doc. # 16-2, p. 41.

2

Parker filed the instant federal habeas corpus action on March 13, 2023. Doc. # 1. In response to the Court's Order, Parker completed and returned his petition for federal habeas relief on the Court's standard forms for filing such actions on March 27, 2023. Doc. # 7. In his petition, Parker raises one claim for relief, asserting that the "State failed to offer evidence of prior convictions and [held] no bifurcated hearing" on his plea and sentences. *See* Doc. # 7, p. 5. On June 23, 2023, Respondents moved to dismiss Parker's petition as untimely filed. Doc. # 15. To date, Parker has failed to file a response.[4]

## **Analysis**

The instant petition for a writ of habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion to dismiss should be granted turns on the statute's limitation period, which provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4] After the Court realized that Respondents failed to send a copy of the motion to Parker's correct address, the Court entered an Order directing that a copy of the motion be sent and providing him an additional twenty-one (21) days to file a response. Doc. # 17. The court later granted Parker an additional thirty (30) days to file a response. Doc. # 19.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2).

Mississippi law does not provide for a direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Under current Fifth Circuit law, a Mississippi judgment issued pursuant to a guilty plea is considered final ninety (90) days after sentencing on the plea. *See Wallace v. Mississippi*, 43 F.4d 482, 497-501 (5th Cir. 2022). As Parker was sentenced on August 10, 2017, see Doc. # 15-2, his conviction became final on November 8, 2017 (August 10, 2017, plus 90 days). Accordingly, absent statutory or equitable tolling, Parker's federal habeas petition must have been filed on or before November 8, 2018, to be deemed timely. *See* 28 U.S.C. § 2244(d)(1) (providing that a federal habeas petition must be filed within one year of the date on which the judgment became final).

Parker must have filed an application for post-conviction relief in state court on or before November 8, 2018, to toll the federal limitations period. *See* 28 U.S.C. § 2244(d)(2) (providing for statutory tolling while a "properly-filed" motion for post-conviction relief is pending). Parker submitted one filing, the "State Writ of Habeas Corpus M.C.A. § 11-43-1", which the trial court construed as a PCR motion, on November 12, 2020. *See* Doc. #s 16-1, 15-3. As this state PCR motion was filed well *after* the federal limitations period had expired, Parker's instant federal habeas petition is not subject to statutory tolling.[5] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state habeas application did not toll the limitations period under §

---

[5] The narrow exceptions of § 2244(d)(1)(B-D) are inapplicable in this case.

2244(d)(2) because it was not filed until after the period of limitation had expired.") (emphasis omitted).

Under the "mailbox rule," the Court considers Parker's federal habeas petition as filed on the date that he delivered it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401(5th Cir. 1999). Parker signed and electronically filed his original petition initiating this action on March 13, 2023, *see* Doc. # 1, and, therefore, filed the instant petition more than four years after the November 8, 2018, deadline for filing said petition. Consequently, the Court may review the merits of Parker's claims only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 799 (2000) (per curiam). To satisfy this burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted). Parker has presented no arguments regarding equitable tolling, and the Court does not otherwise find equitable tolling of the limitations period to be warranted in this case.

In sum, Parker's petition is untimely, and Respondents' motion to dismiss should be granted.

## **Certificate of Appealability**

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Parker must obtain a COA before appealing this

Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is rejected on procedural grounds, Parker must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should not issue in this case.

## Conclusion

For the reasons set forth herein, the Court **GRANTS** Respondents' Motion to Dismiss [15] and **DISMISSES with prejudice** the petition filed in this cause. The Court further **DENIES** a certificate of appealability. A separate judgment in accordance with this opinion and order will enter this day.

**SO ORDERED** this, the 13th day of September, 2023.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI